**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2821
_____

MATTHEW JONES,
                                        Appellant

v.

OFFICER WILLIAM THOMAS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-19-cv-00896)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2024
Before: JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: March 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Matthew Jones brought this civil rights action in the District Court claiming, inter alia, that the defendant, Officer William Thomas of the Greenwood Police Department, violated his Fourth Amendment rights by unlawfully entering his home and seizing him. Specifically, Jones alleged that Officer Thomas, along with other officers and a crisis intervention professional, unlawfully entered his home, removed him, and transported him to a medical facility for psychiatric evaluation.[1] The District Court entered judgment for Officer Thomas on cross-motions for summary judgment, and Jones appealed.[2]

Jones does not, however, raise any issues for our review. An appellant's informal brief must include, among other things, a statement of the issues raised on appeal and argument in support of those issues. Fed. R. App. P. 28(a). "It is well settled that if an appellant fails to comply with these requirements on a particular issue, [he] normally has abandoned . . . that issue on appeal and it need not be addressed by the court of appeals." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). Jones has not complied with these requirements. Therefore, he has forfeited any issue he might raise. See id.; see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

---

[1] Earlier that day, Officer Thomas responded to a complaint that Jones had been on the property of a local elementary school after hours and was taking photographs through the building's windows. Later that evening, Jones placed two alarming posts on his social media account and tagged the Greenwood Police Department in one of them.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

We observe that, based on our independent review of the record, we see no error. In particular, the District Court correctly concluded that Officer Thomas was entitled to judgment as a matter of law on Jones's Fourth Amendment claim because exigent circumstances justified the warrantless entry and seizure. See Brigham City, Utah, v. Stuart, 547 U.S. 398, 403 (2006) ("[L]aw enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury."); see, e.g., City & Cnty. of San Francisco v. Sheehan, 575 U.S. 600, 612 (2015) (holding that police did not violate Fourth Amendment when, having been advised that appellant was acting erratically and had threatened to kill her social worker, they knocked on appellant's door, announced that they were police officers, informed her that they wanted to help her, and opened the door).

Accordingly, we will affirm.